## Case No. 12,514.

### The SCOTIA.

[Blatchf. Pr. Cas. 299.] [1]

District Court, S. D. New York. Dec., 1862.

PRIZE—BLOCKADE—FALSE PAPERS.

Vessel and cargo condemned for an attempt to violate the blockade, and because the papers of the vessel were false as to her destination.

BETTS, District Judge. This vessel and cargo were seized, October 24, 1862, on the coast of South Carolina, by a United States vessel of war, and were sent to this port for adjudication. They were libelled November 15, 1862, and the claimants, British subjects, intervened and filed their claim to the vessel and cargo December 9. The ship's papers, the preparatory proofs in writing, were submitted to the court by the counsel for the respective parties. The court has examined all the evidence in the case, and, unless an appeal be taken in this suit, it will be quite needless to go into detailed statements of the facts of the case, or the reasons upon which the judgment of the court is founded. The result of the proofs is, that the vessel was British built, and was registered at Liverpool May 13, 1862. She had on board shipping articles, dated October 17, 1862, for an agreed voyage from Nassau to St. John, N. B. (written over "New York"), and back to Nassau, and a clearance at Nassau, dated October 18, 1862, of vessel and cargo for St. John. No other papers of the vessel relating to the voyage or cargo are brought into court, except two letters from members of the crew to the captain, dated at Nassau, July 25 and 26, 1862, stating to him that they understood that the vessel was destined to a blockaded port, and that they protested against being taken there. Six witnesses—the mate, a passenger, the first, second, and fourth engineers, and the steward—testify, on their examination, that, although the voyage was, on the papers, stated to be to St. John or New York, yet the destination was actually to Charleston, and was so represented by the master. It was notorious to all that Charleston was a blockaded port. The vessel was captured some twenty miles from Charleston, and two miles inside of the station of the blockading and capturing vessel. There is no ground to question the culpability of the voyage. Because of simulated and false papers, and of an attempt to evade the blockade of Charleston, there must be a decree of condemnation and forfeiture of vessel and cargo.

[A claim was made by the Housatonic, the Flambeau, the Flag and the Restless, four vessels which assisted in the capture of the Scotia, to participate in the proceeds of the prize. The claims were disallowed. Case No. 391.]

[1] [Reported by Samuel Blatchford, Esq.]

SCOTIA, The (SEARS v.). See Case No. 12,-513.

SCOTLAND, The. See Cases Nos. 6,232 and 6,233.

SCOTLAND COUNTY (THOMAS v.). See Case No. 13,909.

## Case No. 12,515.

### The SCOTSMAN.

[5 Adm. Rec. 79.]

District Court, S. D. Florida. July 27, 1853.

SALVAGE SERVICE—COMPENSATION.

[Three vessels, with 35 men, were engaged four days in lightening and getting a vessel off the Florida Reef, and, but for the assistance rendered, both vessel and cargo would have been a total loss. The vessel was sold for $1,-616.30, and the cargo was invoiced at $10,000. *Held*, that 45 per cent. of the net value was reasonable salvage.]

[This was a libel by Edgar A. Coste and others against the British brig Scotsman and cargo, for salvage services.]

F. F. King, for libellants.
W. W. McCall, for respondent.

MARVIN, District Judge. This brig, laden with mahogany and cedar, from Manzanilla, bound to London, on the night of the 22nd of June last, ran ashore upon that part of the Florida Reef known as "Rienzi Reef." Three of the larger wrecking vessels, with thirty-five men, were employed four days in lightening and getting her off. It is evident from the facts in the case, as set forth in the libel, that but for the services of these libellants the vessel and cargo would have been totally lost. The vessel was so much injured as to be unworthy of repairs, and has been sold for $1,616.30. The cargo, as ascertained by the invoice, is worth $10,000. Forty-five per cent. of the net value is considered a reasonable salvage.

It is therefore ordered, adjudged, and decreed, that the costs and expenses of this suit, the wharfage, storage, bills for labor, surveyor's and notary public's fees, commissions, and all other charges on the property except the proctor's fee for defending the brig and cargo, including storage to the time of reshipment, be first examined and deducted from the aforesaid amounts, and that forty-five per cent. of the residue be allowed the salvors in compensation for their services; and that upon the payment thereof and the costs, expenses and charges as aforesaid, the marshal restore said cargo to the master of said brig for and on account of whom it may concern.

## Case No. 12,516.

### In re SCOTT.

[See Case No. 7,070.]